EDMUND G. BROWN JR. Attorney General TAYLOR S. CAREY Deputy Attorney General
THE HONORABLE MICHAEL P. MURPHY, COUNTY COUNSEL FOR THE COUNTY OF SAN MATEO, has requested an opinion on the following question:
Is the elective office of city clerk incompatible with the elective office of trustee of an elementary school district located within the same city?
 CONCLUSION
The elective office of city clerk is not incompatible with the elective office of trustee of an elementary school district located within the same city. *Page 2 
We are informed that a trustee of the Jefferson Elementary School District, [1] who had served in that capacity since her election to office in 2003, stood for and was elected to the office of City Clerk of the City of Daly City in 2008, taking office in January, 2009, and holding both offices for a period of time. She has since resigned from the school district board. Although the resignation eliminated any immediate potential for conflict, the issue has continuing relevance because it may recur. Additionally, because we last gave an opinion on this issue in 1953, the question affords us an opportunity to bring our analysis of the relevant issues up to date.
 ANALYSIS
"At common law the holding of one office does not of itself disqualify the incumbent from holding another office at the same time, provided there is no inconsistency in the functions of the two offices in question. But where the functions of two offices are inconsistent, they are regarded as incompatible."[2] In 2005, the Legislature codified the common law doctrine of incompatible offices by enacting Government Code section 1099.[3] Section 1099 provides that a "public officer" shall not "simultaneously hold two public offices that are incompatible." Offices may be incompatible for a number of reasons, including the circumstances that "[e]ither of the offices may audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over the other office or body; "[4] that "there is a possibility of a significant clash of duties or loyalties between the offices; "[5] or that "[p]ublic policy considerations make it improper for one person to hold both offices."[6] In the event that two public offices are incompatible, the first office is deemed to have been forfeited when the person accedes to the second office.[7] For the prohibition to apply, each position *Page 3 
must be a public office carrying some measure of sovereign power, and not merely a position of employment.[8] In addition, there must be an absence of statutes permitting both offices to be held by one person.[9]
The rule does not await the occurrence of an actual clash before taking effect, but intercedes to prevent it; the mere possibility of a conflict is sufficient to make two offices incompatible.[10] "Only one potential significant clash of duties or loyalties is necessary to make offices incompatible."[11] Regardless of the honor or integrity of the incumbent, one individual cannot hold two incompatible offices at the same time. It is the nature of the office, not the character of the individual, that determines the rule's application. The essence of the doctrine of incompatible offices is that a public officer should never be in the position of having to disqualify himself or herself from performing the functions of one office because he or she happens to be the incumbent of another office. "He can only perform the duties of one office by neglecting to perform the duties of the other. It is not for him to say in a particular instance which he will perform and which he will not. The public has a right to know with certainty."[12]
For purposes of the doctrine of incompatible offices, a "public office" may be defined as:
 . . . the right, authority, and duty, created and conferred by law, the tenure of which is not transient, occasional, or incidental, by which for a given period an individual is invested with power to perform a public function for the benefit of the public. [Citation.] . . . The most general characteristic of a public officer, which distinguishes him from a mere employee, is that a public duty is delegated and entrusted to him, as agent, the performance of which is an exercise of a part of the governmental functions of the particular political unit for which he, as agent, is acting. . . . [Citations.][13] *Page 4 
The delegation to the officer of a portion of the sovereign functions of government may be "either legislative, executive, or judicial."[14]
"[A] local school district board of education is unquestionably a public office,"[15] as is the elective office of city clerk.[16] The issue is whether these offices are incompatible within the meaning of section 1099. We have examined the compatibility of the office of school board trustee with the office of city clerk before. In 1953, we determined that the combined office of clerk/assessor was compatible with that of a school board member.[17] Noting that the clerk/assessor's duties were "ministerial in character,"[18] we concluded that, "The exercise of these duties involving the administration of city government would not require contradictory or inconsistent action, or a division of loyalty, with the exercise of the same person of the legislative responsibilities given the office of trustee of a union high school district."[19]
In contrast, in 1982 we were asked whether the offices of city councilmember and school district trustee were incompatible when the city and the school district had territory in common.[20] We concluded that they were. We noted that clashes might arise from various situations in which a school board and a city council may engage in relationships or contracts with each other, such as arrangements for child care centers, community recreation, health supervision, library facilities, sewage facilities, or the sale or lease of real property.[21] In addition, we observed that either public body may condemn property of the other in eminent domain proceedings where a superior use could be shown; that school districts can dedicate real property to cities for certain public *Page 5 
purposes; that, in the establishment of a city master plan, the city may chart the location of future schools; and that city officials are charged with enforcement of health and safety regulations within the schools.
In 1997, for essentially the same reasons, we concluded that the office of city manager of the City of South San Francisco was incompatible with the office of trustee of the South San Francisco Unified School District.[22] We concluded that the duties and responsibilities of city government, as conferred on the city manager, and those of the school district, as exercised by its board members, present multiple points of potential conflict rendering the offices incompatible.
In the 1982 and 1997 opinions, our analysis did not comprise a bare characterization of each office as "legislative" or ministerial," but rather included a comprehensive examination of the duties and responsibilities of each office and on the potential for conflicts between them. We follow the latter course here, as well. Having already touched upon the duties of a school district and, by extension, a board trustee, we now revisit the duties and responsibilities of a city clerk to determine whether there has arisen any cause to alter the conclusion we reached in 1953.
It is the duty of a city clerk to keep accurate records of the proceedings of the city's legislative body;[23] to keep accounting records reflecting the financial condition of the city;[24] and to summarize and publish the city's financial reports[25] within the time prescribed.[26] The clerk is authorized to administer oaths or affirmations, [27] keeps a record of all city ordinances;[28] is the custodian of the city seal;[29] and, unless otherwise provided, acts as the ex officio tax assessor.[30] *Page 6 
Pursuant to the Political Reform Act of 1974 (the Act), [31] city clerks are also designated "filing officers" for various reports and disclosure statements that are required by the Act.[32] For instance, the city clerk is the filing officer for statements of economic interest, which must be filed by certain public officials (including school district trustees), and for campaign statements and periodic statements of contributions received and expenditures made in connection with local election activities.[33] Filing officers have the following duties under the Act:
 (a) Supply the necessary forms and manuals prescribed by the Commission;
 (b) Determine whether required documents have been filed and, if so, whether they conform on their face with the requirements of this title;
 (c) Notify promptly all persons and known committees who have failed to file a report or statement in the form and at the time required by this title;
 (d) Report apparent violations of this title to the appropriate agencies; and
 (e) Compile and maintain a current list of all reports and statements filed with this office.[34]
Do a city clerk's responsibilities as a filing officer clash with a school district trustee's duty to file statements under the Political Reform Act?[35] We do not think so. Although a filing officer must "determine whether original documents filed conform on their face with the requirements of the Political Reform Act and regulations adopted pursuant to the Act,"[36] the clerk has no responsibility to review the statements *Page 7 
substantively, but is required only to ensure that a copy was filed.[37]
With respect to that duty, section 18110(a) of Title 2 of the California Code of Regulations provides:
 (1) In order to fulfill his or her duty to determine whether required documents have been filed, if the filing officer is aware that a candidate or committee has an obligation to file a campaign statement and has failed to do so, the filing officer shall notify the candidate or committee of the obligation to file a statement.
 (2) In determining whether required documents have been filed, the filing officer shall not be required to conduct any investigation to determine whether a committee or candidate has an obligation to file a campaign statement. This subdivision is not intended to prevent the filing officer from performing such an investigation.[38]
Thus, the clerk's duties as a filing officer for a school district trustee's statements do not include any power to audit, overrule, supervise, or remove the trustee.
In our view, the offices of city clerk and of school district trustee are not incompatible. The duties of the office of trustee require the incumbent to exercise his or her independent judgment and discretion on a wide variety of subject matter and policy decisions affecting the district. By contrast, although a city clerk also exercises the sovereign powers of his or her office, this is done primarily in an executive capacity. To the extent that a city clerk is called upon to exercise judgment and discretion — for example, in setting policy for recordkeeping functions, or in deciding what information to include in summary financial reports — those areas of discretion are not likely to give rise to any conflict with the office of school district trustee.
With respect to filing obligations in particular, we have already noted that the clerk's duties do not involve second-guessing the actions of a trustee. Furthermore, filing obligations are imposed upon the individual incumbent of an office, not upon the office itself[39] Compliance is a duty owed by the individual and does not implicate the *Page 8 
authority, duties, or responsibilities of the office. Therefore, while a conflict could conceivably arise between an officer who is required to file certain documents and the officer responsible for monitoring compliance, that possibility would not bring the two offices into conflict.
In all other respects that we can discern, neither office has the authority to audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over the other. The policy jurisdiction of the school board does not intersect with that of the city clerk. The duties of the two offices are not repugnant, nor do they overlap. Their exercise by the same individual therefore would not require contradictory or inconsistent action detrimental to the public interest.
For purposes of clarification, we emphasize that, although our conclusion has not changed, our analysis of these issues has evolved over time. In particular, we note that the reasoning of our 1953 opinion relied heavily on a distinction between ministerial and legislative duties. While we do not minimize the usefulness of that distinction as an analytical tool, it is important to note that it is not necessarily dispositive of an incompatibility issue.
In some cases, of course, the distinction may play a decisive role. For example, in 2004, we were asked to determine whether the offices of undersheriff and county veterans service officer (CVSO) were incompatible.[40] There, after carefully scrutinizing the duties of the undersheriff and the CVSO, we determined that the duties of the latter were largely administrative and ministerial in nature and did not involve the exercise of independent, policy-making judgment and discretion that are characteristic of a public office. These factors led us to conclude that the position of CVSO was not a public office, but was, in fact, an employment, which does not fall within the incompatible office prohibition.
Here, however, both of the offices under consideration fall within the statutory definition of a public office, as we have concluded on several occasions. The ministerial nature of many of the duties of the city clerk's office remains an important factor for analysis, but only insofar as it informs the paramount consideration whether "[the] exercise of these duties involving the administration of city government would not require contradictory or inconsistent action, or a division of loyalty"[41] giving rise to a *Page 9 
substantial potential for a clash with the office of school board trustee.
Where the duties of a particular "public office" are largely ministerial, the potential areas in which that office will clash with the duties of another office may be greatly reduced, but will not necessarily be eliminated. An office-to-office comparison of duties is still necessary. Our 1953 characterization of the city clerk's duties as ministerial underscored, perhaps misleadingly, the limited range of discretionary authority inherent in the city clerk's office. Ultimately, however, the key to determining whether one office is incompatible with another must always lie in determining the potential for conflict between the two offices.
We conclude that the elective office of city clerk is not incompatible with the elective office of trustee of an elementary school district located within the same city.[42]
[1] The Jefferson Elementary School District serves Kindergarten through 8th grade students from four contiguous areas in San Mateo County: Daly City, Colma, Broadmoor Village, and part of Pacifica.See http://www.jsd.k12.ca.us/District.
[2] See People ex rel. Chapman v. Rapsey, 16 Cal. 2d 636, 642 (1940);People ex rel. Deputy Sheriffs' Assn. v. Co. of Santa Clara,49 Cal. App. 4th 1471, 1481 (1996); 81 Ops.Cal.Atty.Gen. 344, 345
(1998).
[3] 2005 Cal. Stat. ch. 254, § 1.
[4] Govt. Code § 1099(a)(1).
[5] Id. at (a)(2).
[6] Id. (a) (3).
[7] Id. at (b); People ex rel. Chapman, 16 Cal. 2d at 644; see 3 McQuillin, Municipal Corporations (3d ed. 2001) § 1267 at 367.
[8] Govt. Code § 1099(c); see 58 Ops.Cal.Atty.Gen. 109, 111 (1975).
[9] 38 Ops.Cal.Atty.Gen. 113 (1961); see Govt. Code § 1099(a);81 Ops.Cal.Atty.Gen. at 345; 78 Ops.Cal.Atty.Gen. 60, 62-63 (1995).
[10] See 63 Ops.Cal.Atty.Gen. 623 (1980).
[11] 85 Ops.Cal.Atty.Gen. 199, 200 (2002).
[12] People ex rel. Chapman, 16 Cal. 2d at 636, 643; see also38 Ops.Cal.Atty.Gen. 121, 125 (1961).
[13] Dibb v. Co. of San Diego, 8 Cal. 4th 1200, 1212 (1994) (emphasis in original).
[14] Spreckels v. Graham, 194 Cal. 516, 530 (1924).
[15] 56 Ops.Cal.Atty.Gen. 556, 557 (1973).
[16] 21 Ops.Cal.Atty.Gen. 117 (1953).
[17] Id. at 117.
[18] "A ministerial act . . . is one that a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed, when a given state of fact exists." People ex rel. Fund Am. Cos. v. Calif. Ins. Co.,43 Cal. App. 3d 423, 432 n. 6 (1974).
[19] 21 Ops.Cal.Atty.Gen. at 117.
[20] 65 Ops.Cal.Atty.Gen. 606 (1982).
[21] Id. (citing 48 Ops.Cal.Atty.Gen. 141 (1966)).
[22] 80 Ops.Cal.Atty.Gen. 74, 77, 78 (1997).
[23] Govt. Code § 40801.
[24] Id. at § 40802.
[25] Id. at § 40804.
[26] Id. at § 40805; see 40805.5 (financial and accounting duties may be transferred to a director of finance if that office is establish by local ordinance).
[27] Id. at § 40814.
[28] Id. at § 40806.
[29] Id. at § 40811.
[30] Id. at § 40810.
[31] Id. at § 81000 et seq.
[32] See id. at § 82027.
[33] Id. at § 84215.
[34] Id. at § 81010.
[35] Because the Jefferson Elementary School District is not wholly within the city's boundaries, the campaign statements required of candidates for the school district board are not filed solely with the city clerk but must also be filed with the county's designated election official. This is so because all candidates, and committees controlled by the candidates, must file the required campaign statements with each filing officer having jurisdiction of their office. 2 Cal. Code Regs. § 18405.
[36] Id. at § 18110(b).
[37] Id. at § 18405.
[38] Although this subdivision permits a filing officer to perform an investigation, such inquiry would be limited to whether the candidate or committee is required to file a campaign statement, not whether they are qualified to file.
[39] The statutory filing requirements are imposed on candidates (and on the committees they control). A candidate is defined as "anindividual who is listed on the ballot or who has qualified to have write-in votes on his or her behalf counted by election officials, for nomination for or election to any elective office." Govt. Code § 82007
(emphasis added).
[40] 87 Ops.Cal.Atty.Gen. 142 (2004).
[41] 21 Ops.Cal.Atty.Gen. at 117.
[42] We note that section 2.06.010 of the Daly City Municipal Code provides, inter alia: "The city clerk shall devote his entire time andattention during business hours to the duties of the city clerk as such duties are prescribed in the Government Code of the state." Whether the holding of dual offices would violate any incompatible-activities policies of Daly City or of the Jefferson Elementary School district is beyond the scope of this opinion. *Page 1